JUSTICE RICE,
dissenting.
¶20 The Court does not recount that MWB filed notices of entry of the default judgments against Glacier Kitchens, Inc., CR Weaver Trust, and the Estate of Grace Weaver on August 17,2010. MWB served each of these notices upon all of the Defendants, including CR Weaver. On August 30, CR Weaver improperly filed motions to repeal the judgments on behalf of the three entity Defendants. MWB objected that he lacked standing to represent the Defendants and that the motions were without merit. The motions were denied by operation of law after 60 days. Rule 60(c), M. R. Civ. P.
¶21 Approximately three months after the motion was deemed denied, on February 1, 2011, CR Weaver filed another round of improper *282 motions in the District Court. The motions attempted to set aside the default judgments on behalf of the entity Defendants and while those motions were pending, CR Weaver filed an improper appeal on behalf of the entity Defendants, which was dismissed on July 7. MWB objected to the second round of motions before the District Court on the ground that they were duplicative of motions that had already been denied, that CR Weaver could not represent the entity Defendants, and that the motions were “procedurally improper.” These motions were likewise denied by operation of the Rule on or about April 1. A timely appeal was not taken.
¶22 About five months after this deemed denial, on August 29, 2011, and over a year after they were served with notice of the judgments, Defendants retained legal counsel and filed a third round of motions to set aside the default, the denial of which they now appeal.
¶23 By its terms, Rule 60(c) requires that a motion for relief from judgment “be made within a reasonable time.” In Semenza, the case upon which the Court relies, the defendant filed a motion to set aside a default judgment under Rule 60(c) only three months after the entry of judgment, and alleged the defendant “was not properly served with this complaint and summons and in fact was not aware of the existence of this complaint and summons until recently.” Semenza, ¶ 6.
¶24 The Court faults MWB for not arguing timeliness specifically, but it is abundantly clear that the motions were invalid for multiple reasons. Defendants are related entities that do not assert they were unaware of the entry of judgment. Indeed, they were promptly served with notice of entry of judgment yet failed to respond properly. They occasioned extensive delays and numerous rule violations, finally hiring counsel and filing a proper motion to set aside the judgment over a year after being served with notice of entry. I would hold that their request for relief under Rule 60(c) was not made within a reasonable time and affirm.